FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2012 JUL -5 P 1:47

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

BIOHORIZONS IMPLANT SYSTEMS, INC. )
2300 Riverchase Center )
Birmingham, Alabama 35244 )
)
)  Civil Action No. 1:12 CV 717
*Plaintiffs,* )                    LMB/TCB
)
v. ) JURY TRIAL DEMAND
)
TECHNIQUE D'USINAGE SINLAB, INC., )
3517 Boul De La Grande-Allee, )
Boisbriand, Quebec City, )
Canada J0R 1HO )
)
*Defendant.* )
)

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff BioHorizons Implant Systems, Inc. ("BioHorizons"), by their attorneys at Jones Day, respectfully bring this action for a declaratory judgment against Defendant Technique D'Usinage Sinlab, Inc. ("Sinlab"). BioHorizons alleges as follows:

### NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. §1 *et seq.* BioHorizons requests a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of several U.S. Patents asserted by Sinlab, namely U.S. Patent No. 6,382,975; U.S. Patent No. 6,814,575; U.S. Patent No. 7,331,786; U.S. Patent No. 7,866,980; and U.S. Patent No. 8,021,153[1]; and that one or more of the claims of the patents are invalid.

---

[1] The patents at issue are attached as exhibits A through E respectively.

## THE PARTIES

2. Plaintiff BioHorizons Implant Systems, Inc. is a Delaware corporation with its principal place of business at 2300 Riverchase Center, Birmingham, Alabama 35244.

3. Upon information and belief, Defendant Technique D'Usinage Sinlab, Inc. is a Canadian federal corporation with its principal place of business at 3517 Boul De La Grande-Allée, Boisbriand, QC, J7H 1H5 (Canada) and a registered office address at 52, rue des Feux-Follets, Morin-Heights QC J0R 1H0.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332, and 1338. This Court also has personal jurisdiction over this Defendant pursuant to 35 U.S.C. §293.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and 35 U.S.C. §293.

## FACTS GIVING RISE TO DECLARATORY JUDGMENT JURISDICTION

6. On June 14, 2012, Sinlab, acting through a U.S. law firm, informed BioHorizons in writing that Sinlab owned the patents-in-suit, that Sinlab contends that BioHorizons infringes "the Patents in direct violation of 35 U.S.C. §271" and demanded that BioHorizons immediately "cease and desist". The June 14, 2012 demand letter further threatened that if BioHorizons failed to comply, Sinlab would take immediate legal action, threatening to sue on July 3, 2012. A copy of the June 14, 2012 demand letter is attached hereto as Exhibit F.

7. On information and belief, we have been lead to believe that Sinlab has some history of litigating their patents and has at least one patent suit currently pending in Canada against Biocad médical Inc. and Nobel Biocare Canada Inc.

8. These facts taken together (including Sinlab's allegation of infringement, Sinlab's

demand that BioHorizon cease and desist, Sinlab's threat of litigation by a date certain if compliance is not immediate, and the fact that Sinlab has sued on these patents in the past) create a reasonable apprehension of suit, giving rise to the instant action for a declaratory judgment.

## COUNT I

### DECLARATION OF NON-INFRINGEMENT OF THE '975 PATENT

9. BioHorizons incorporates the foregoing allegations as if separately set forth herein.

10. There is an actual controversy within the meaning of 28 U.S.C. §2201 and 2202, between Sinlab, on the one hand, and BioHorizons, on the other hand, concerning the infringement of U.S. Patent 6,382,975 (the '975 patent), which requires a declaration of rights by this Court.

11. BioHorizons has not and does not infringe any valid and enforceable claim of the '975 patent.

12. BioHorizons is entitled to a declaration that it does not and has not infringed any valid and enforceable claim of the '975 patent by its manufacture, use, offer for sale, sale, and/or importation of products and/or services.

## COUNT II

### DECLARATION OF NON-INFRINGEMENT OF THE '575 PATENT

13. BioHorizons incorporates the foregoing allegations as if separately set forth herein.

14. There is an actual controversy within the meaning of 28 U.S.C. § 2201 and 2202, between Sinlab, on the one hand, and BioHorizons, on the other hand, concerning the infringement of U.S. Patent 6,814,575 (the '575 patent), which requires a declaration of rights by this Court.

15. BioHorizons has not and does not infringe any valid and enforceable claim of the

'575 patent.

16. BioHorizons is entitled to a declaration that it does not and has not infringed any valid and enforceable claim of the '575 patent by its manufacture, use, offer for sale, sale, and/or importation of products and/or services.

## COUNT III

### DECLARATION OF INVALIDITY OF THE '575 PATENT

17. BioHorizons incorporates the foregoing allegations as if separately set forth herein.

18. There is an actual controversy within the meaning of 28 U.S.C. §2201 and 2202, between Sinlab, on the one hand, and BioHorizons, on the other hand, concerning the validity of the '575 patent, which requires a declaration of rights by this Court.

19. The claims of the '575 patent are invalid for failure to meet one or more of the requirements of 35 U.S.C. §101 *et seq*, including §112.

20. BioHorizons is entitled to a declaratory judgment that the claims of the '575 patent are invalid.

## COUNT IV

### DECLARATION OF NON-INFRINGEMENT OF THE '786 PATENT

21. BiHorizons incorporates the foregoing allegations as if separately set forth herein.

22. There is an actual controversy within the meaning of 28 U.S.C. §2201 and 2202, between Sinlab, on the one hand, and BioHorizons, on the other hand, concerning the infringement of U.S. Patent 7,331,786 (the '786 patent), which requires a declaration of rights by this Court.

23. BioHorizons has not and does not infringe any valid and enforceable claim of the '786 patent.

24. BioHorizons is entitled to a declaration that it does not and has not infringed any

4

valid and enforceable claim of the '786 patent by its manufacture, use, offer for sale, sale, and/or importation of products and/or services.

## COUNT V

## DECLARATION OF INVALIDITY OF THE '786 PATENT

25. BioHorizons incorporates the foregoing allegations as if separately set forth herein.

26. There is an actual controversy within the meaning of 28 U.S.C. §2201 and 2202, between Sinlab, on the one hand, and BioHorizons, on the other hand, concerning the validity of the '786 patent, which requires a declaration of rights by this Court.

27. The claims of the '786 patent are invalid for failure to meet one or more of the requirements of 35 U.S.C. §101 *et seq*, including §112.

28. BioHorizons is entitled to a declaratory judgment that the claims of the '786 patent are invalid.

## COUNT VI

## DECLARATION OF NON-INFRINGEMENT OF THE '980 PATENT

29. BioHorizons incorporates the foregoing allegations as if separately set forth herein.

30. There is an actual controversy within the meaning of 28 U.S.C. §2201 and 2202, between Sinlab, on the one hand, and BioHorizons, on the other hand, concerning the infringement of U.S. Patent 7,866,980 (the '980 Patent), which requires a declaration of rights by this Court.

31. BioHorizons has not and does not infringe any valid and enforceable claim of the '980 Patent.

32. BioHorizons is entitled to a declaration that it does not and has not infringed any valid and enforceable claim of the '980 Patent by its manufacture, use, offer for sale, sale, and/or

importation of products and/or services.

## COUNT VII

### DECLARATION OF NON-INFRINGEMENT OF THE '153 PATENT

33. BioHorizons incorporates the foregoing allegations as if separately set forth herein.

34. There is an actual controversy within the meaning of 28 U.S.C. §2201 and 2202, between Sinlab, on the one hand, and BioHorizons, on the other hand, concerning the infringement of U.S. Patent 8,021,153 (the '153 Patent), which requires a declaration of rights by this Court.

35. BioHorizons has not and does not infringe any valid and enforceable claim of the '153 Patent.

36. BioHorizons is entitled to a declaration that it does not and has not infringed any valid and enforceable claim of the '153 Patent by its manufacture, use, offer for sale, sale, and/or importation of products and/or services.

### DEMAND FOR JURY TRIAL

37. BioHorizons demands a trial by jury on all issues so triable.

### REQUESTED RELIEF

BioHorizons asks the Court to enter judgment in its favor and against Sinlab and to:

a. Declare that BioHorizons does not and has not infringed any valid and enforceable claim of the '975 Patent, the '575 Patent, the '786 Patent, the '980 Patent, or the '153 Patent, by its manufacture, use, offer for sale, sale, and/or importation of its products or services.

b. Declare that the claims of the '575 Patent and the '786 Patent are invalid;

c. Declare that this case is exceptional under 35 U.S.C. § 285 and award BioHorizons its attorneys fees and expenses incurred in this action;

d. Award BioHorizons its costs pursuant to 28 U.S.C. § 1920; and

  e. Grant BioHorizons such further relief as the Court deems just and proper.


Dated: July 5, 2012        Respectfully submitted,

_____
Tara Lynn R. Zurawski (VSB No. 73602)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: tzurawski@jonesday.com

*OF COUNSEL:*

Arthur A. Gardner
GARDNER GROFF GREENWALD &
VILLANUEVA, PC
2018 Powers Ferry Road, Suite 800
Atlanta, Georgia 30339
Tel: (770) 984-2300
Fax: (770) 984-0098
Email: agardner@gardnergroff.com

*Counsel for Plaintiff BioHorizons Implant Systems, Inc.*